IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA STINER, | ) | Case No. 3:20-cv-209 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff Barbara Stiner ("Stiner") appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 14). For the reasons set forth below, the Court will **AFFIRM** the Commissioner's decision.

I.  **Procedural History**

On September 12, 2017, Stiner protectively filed a Title II application for a period of disability and DIB. (Tr. 12). Stiner also filed a Title XVI application for SSI on January 23, 2018. (*Id.*). In both applications, Stiner alleged disability beginning on September 12, 2017. (*Id.*). Both claims were initially denied on November 3, 2017. (*Id.*). Stiner then requested a hearing which was held by video on June 24, 2019. (*Id.*). On July 16, 2019, the Administrative Law Judge ("ALJ") issued her decision and concluded that Stiner was not disabled. (Tr. 12-21). The Appeals Council

denied Stiner's request for review on August 19, 2020. (Tr. 1-3). Stiner appealed to the Court, where the parties' motions for summary judgment are now pending.

II. **Issues Presented**

Stiner presents the following issues for review:

1. [Whether] [t]he ALJ's RFC is contradicted by every medical opinion of record[, and whether] the ALJ failed to properly evaluate the medical opinion evidence consistent with Agency authority and Third Circuit precedent. (ECF No. 14).

III. **Discussion**

a. **Standard of Review**

This Court's review is limited to a determination of whether the Commissioner's Decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014). "The Commissioner's findings of fact are binding if they are supported by substantial evidence." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. Nat'l Labor Rels. Bd.*, 305 U.S. 197, 229 (1938)). Substantial evidence "is 'more than a mere scintilla but may be somewhat less than a preponderance of the evidence.'" *Zirnsak*, 777 F.3d at 610 (quoting *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005)). The Court "review[s] the record as a whole to determine whether substantial evidence supports a factual finding." *Id.* (quoting *Schaudeck v. Comm'r*, 181 F.3d 429, 431 (3d Cir. 1999)). "Courts are not permitted to re-weigh the evidence or impose their own factual determinations." *Chandler v.*

*Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Finally, the Court "review[s] the ALJ's application of the law de novo." *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007).

### b. Evaluation Process

The ALJ evaluates disability claims according to a sequential five-step process. 20 C.F.R. § 404.1520(a)(4). "First, the Commissioner considers whether the claimant is 'engaging in substantial gainful activity.'" *Zirnsak*, 777 F.3d at 611 (quoting 20 C.F.R. § 404.1520(a)(4)(i)). If the claimant is engaging in substantial gainful activity, then the claimant is not disabled. *Id.* "Second, the Commissioner considers the severity of the claimant's impairment(s)." *Id.* (quoting 20 C.F.R. § 404.1520(a)(4)(ii)). If at step two "the claimant's impairment(s) are either not severe or do not meet the duration requirement, the claimant is not disabled." *Id.* "Third, the Commissioner considers whether the claimant's impairment(s) meet or equal the requirements of one of the Commissioner's listed impairments." *Id.* (quoting 20 C.F.R. § 404.1520(a)(4)(iii)). If at step three "the claimant's impairment(s) meet [or exceed] the requirements of a listed impairment, then the claimant is disabled." *Id.*

If the claimant's impairments do not meet or exceed a listed impairment "then the inquiry proceeds to the fourth step, where the Commissioner considers whether the claimant can return to her past work." *Id.* In determining whether the claimant can perform past relevant work, the claimant's residual functional capacity ("RFC") is assessed. *Id.* "A claimant's RFC measures 'the most [she] can do despite [her] limitations.'" *Id.* (quoting 20 C.F.R. § 404.1545(a)(1)) (alterations in original). In assessing the claimant's RFC, the "Commissioner examines 'all of the relevant medical and other evidence' to make its RFC determination." *Id.* (quoting 20 C.F.R. § 404.1545(a)(3)). If the claimant can perform past relevant work, then the claimant is found not

to be disabled. *Id.* The claimant bears the burden of satisfying the first four steps by a preponderance of the evidence. *Id.*

For claims filed on or after March 27, 2017, the regulations governing the types of opinions considered and the approach to evaluating opinions by ALJs were amended and the treating physician rule was eliminated. 20 C.F.R. §§ 404.1520c; 416.920c. Under the new, broadened regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." *Id.* at § 404.1520c(a). Instead, the ALJ is required to articulate how persuasive s/he finds medical opinions and prior administrative findings. *Id.* at § 404.1520c(b). In doing so, the ALJ shall consider the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors such as familiarity with other evidence in a claim or new evidence received after the opinion which makes the findings more or less persuasive. *Id.* at § 404.1520c(c). The most important factors considered are supportability and consistency. *Id.* at § 404.1520c(a); *see also id.* at § 404.1520c(b)(2). Therefore, the ALJ must explain how s/he considered the supportability and consistency of an opinion but are not required to discuss how s/he considered the remaining factors. *Id.* at § 404.1520c(b)(2). When opinions are equally supported and consistent with the record on the same issue but are not exactly the same, the ALJ must articulate how the other factors contributed to his or her decision. *Id.* at § 404.1520c(b)(3). Additionally, the ALJ is not required to disclose how s/he considered evidence from nonmedical sources. *Id.* at § 404.1520c(d).

At step five, "the Commissioner bears the burden of establishing the existence of other available work that the claimant is capable of performing." *Id.* at 612 (citing 20 C.F.R. §

404.1520(a)(4)(v); *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987)). To meet this burden, "the Commissioner must produce evidence that establishes that 'work exists in significant numbers in the national economy that [the claimant] can do.'" *Id.* (quoting 20 C.F.R. § 404.1560). The Commissioner uses the RFC, as well the testimony of vocational experts and specialists, to establish that work exists in significant numbers in the national economy that the claimant is capable of performing. *Id.* "[E]ntitlement to benefits is dependent upon finding the claimant is incapable of performing work in the national economy." *Id.* (internal quotation marks omitted).

c. **The ALJ's Evaluation of Stiner**

At step one, the ALJ found that Stiner had not engaged in substantial gainful activity since September 12, 2017, the alleged onset date. (Tr. 14). At step two, the ALJ found that Stiner had the following severe impairments: "obesity, degenerative disc disease of the lumbar spine with L4 radiculopathy, spinal stenosis, facet joint syndrome, and sacroiliac joint dysfunction (20 CFR § 404.1520(c) and § 416.920(c))." (Tr. 15). At step three, the ALJ found that Stiner "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments within 20 CFR Part 404, Subpart P, Appendix 1." (*Id.*). At step four, the ALJ determined that Stiner had the RFC to "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except [she] can never crawl or climb ladders, ropes, or scaffolds, can occasionally balance, stoop, kneel, crouch, operate foot controls bilaterally, and climb ramps and stairs." (*Id.*). The ALJ further determined that Stiner "cannot tolerate exposure to extreme cold, wetness, vibrations, or hazards such as dangerous moving machinery and unprotected heights." (*Id.*).

Finally, at step five, the ALJ determined that, "[c]onsidering [Stiner's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [she] can perform." (Tr. 19).

### d. Analysis

#### i. The ALJ's RFC Determination Adequately Addressed the Medical Opinions of Dr. Guie, Dr. Billy and Dr. Elkins and is Supported by Substantial Evidence.

Stiner contends that the ALJ's RFC determination is not supported by substantial evidence because it is contradicted by every medical opinion of record. (ECF No. 14 at 2). More specifically, Stiner argues that each medical expert rendered a medical opinion calling for a standing/walking limitation but the ALJ failed to include such a limitation in her RFC determination. (*Id.* at 2-19). In support of her argument, Stiner highlights (1) Dr. Margel Guie's medical opinion stating that Stiner can stand/walk for 4 hours in an 8-hour workday, (2) Dr. Gregory G. Billy's medical opinion stating that Stiner can stand/walk for less than 2 hours in an 8-hour workday, and (3) Dr. Carol Elkins' medical opinion stating that Stiner can sit and stand/walk for less than 2 hours in an 8-hour workday. (*Id.* at 5-7). Although the medical opinions vary somewhat in the standing/walking limitation, Stiner argues that the ALJ has failed to build "an accurate and logical bridge" between the medical opinion evidence indicating Stiner requires a standing/walking limitation and the ALJ's RFC determination that Stiner requires no standing/walking limitation. (*Id.* at 5) (quoting *Gamret v. Colvin*, 994 F. Supp. 2d 695, 698 (W.D. Pa. 2014)).

In response, the Commissioner argues that the ALJ's RFC determination is supported by substantial evidence. (ECF No. 16). Citing the new regulations that are applicable to Stiner's application for DIB and SSI, the Commissioner contends that the ALJ properly weighed the

supportability and consistency of the medical opinions of Dr. Guie, Dr. Billy, and Dr. Elkins. (*Id.* at 13). Further, the Commissioner argues that the medical opinions were not reflective of Stiner's physical examination assessments, Stiner's own account of the effectiveness of her medical treatments, Stiner's daily living activities, and other objective medical evidence. (*Id.* at 11-17). The Commissioner also argues that the controlling regulations empower the ALJ, not a physician, to make the ultimate determination of a claimant's RFC based on all of the evidence of record. (*Id.* at 17). Based on the medical evidence before the ALJ, the Commissioner argues that the ALJ credited medical opinion evidence where she found appropriate and rejected those portions of medical opinion evidence she viewed as not supported by, or not consistent with, the medical evidence of record. (*Id.* at 17-20).

Here, the Court finds that the ALJ did not err in rejecting the medical opinions of Dr. Guie, Dr. Billy, and Dr. Elkins in finding that Stiner required no standing/walking limitation in her RFC determination. Further, the Court finds that the ALJ's RFC determination is supported by substantial evidence.

First, the Court notes that the ALJ reviewed Dr. Guie's medical opinion finding that Stiner was limited to a range of light work with only four hours of standing/walking. (Tr. 17). The ALJ stated that she found Dr. Guie's assessment to be persuasive as:

> it is generally consistent with the evidence of record, except that the reduction in standing/walking is not supported by the objective record, which does not feature any abnormality in gait, minimal mentions of lower extremity weakness, and minimal discussion of pain and dysfunction in the actual lumbar spine and lumbar paraspinal musculature...

(Tr. 17-18). The ALJ did not include Dr. Guie's standing/walking limitation in her RFC determination because the ALJ found Dr. Guie's standing/walking limitation was not supported

by the objective medical evidence of record. (*Id.*). Here, the Court finds that the ALJ did not err by excluding Dr. Guie's standing/walking limitation in her RFC determination because the ALJ properly analyzed the supportability and consistency of Dr. Guie's medical opinion with the evidentiary record before her.

Next, the ALJ reviewed Dr. Billy's medical opinion. In reviewing Dr. Billy's medical opinion, the ALJ found that Dr. Billy had opined that Stiner's left L4 radiculopathy resulted in pain and occasional weakness that would limit her to "standing/walking less than 2 hours in an 8-hour workday." (Tr. 18). The ALJ indicated that Dr. Billy's assessment was "non-persuasive" because Dr. Billy made "very few objective observations of dysfunction in his treatment notes to support such significant limitations," and his notes suggested that continued epidural injections consistently reduced Stiner's pain by approximately 80%. (*Id.*). However, the ALJ noted that Dr. Billy did not account for the injections he administered to Stiner in his own assessment. (*Id.*). Here, the Court finds that the ALJ addressed (1) the supportability of Dr. Billy's medical opinion in relation to the other objective medical evidence of record and (2) the inconsistency of Dr. Billy's medical opinion with respect to Stiner's symptom improvement as a result of her epidural injection treatments. Given that the ALJ reviewed Dr. Billy's medical opinion consistent with 20 C.F.R. § 404.1520c, the Court finds that the ALJ properly considered and excluded Dr. Billy's medical opinion regarding a standing/walking limitation as required under the regulations.

In reviewing Dr. Elkins' medical opinion, the ALJ found that Dr. Elkins had opined that Stiner had the "ability to stand/walk for less than 2 hours each in an 8-hour workday." (Tr. 18). However, in analyzing Dr. Elkins' medical opinion, the ALJ found her medical opinion was "non-persuasive as it is not consistent with [her own] treatment notes which reflect generally benign

and nonfocal physical examination with only back pain when coming to standing position and muscle spasm in the upper left leg." (*Id.*). Here, the Court finds that the ALJ properly considered Dr. Elkins' opinion as required under 20 C.F.R. § 404.1520c because the ALJ found that Dr. Elkins' medical opinion was not consistent with her own treatment notes and was not supported by the medical evidence of record. Therefore, the ALJ did not err in excluding Dr. Elkins' medical opinion with respect to a standing/walking limitation in rendering her RFC determination.

Having found that the ALJ did not err in excluding a standing/walking limitation from her RFC determination despite the medical opinions to the contrary, the Court now turns to whether the ALJ's RFC determination is supported by substantial evidence.

Stiner argues that the ALJ's RFC determination is not supported by substantial evidence because the ALJ rejected "every medical opinion based on her own lay interpretation of the record… [and] substitute[ed her] lay opinion for that of medical professionals." (ECF No. 14 at 16). In response, the Commissioner argues that the ALJ's RFC determination is supported by substantial evidence because the ALJ analyzed the medical opinions of record, Stiner's own testimony, and other medical evidence of record in finding that Stiner did not require a standing/walking limitation. (ECF No. 16 at 11-17).

Notwithstanding Stiner's argument to the contrary, "[a]n 'ALJ is not precluded from reaching RFC determinations without outside medical expert review of each fact incorporated into the decision.'" *Cummings v. Colvin*, 129 F. Supp. 3d 209, 216 (W.D. Pa. 2015) (quoting *Chandler v. Commissioner of Social Security*, 667 F.3d 356, 362 (3d Cir. 2011)). Indeed, an ALJ may determine which limitations are appropriate to include in an RFC determination "even if no doctor has specifically made the same findings and even if the only medical opinion in the record is to the

contrary." *Id.* at 215 (quoted by *Razey v. Kijakazi*, 2022 WL 1138958 at *2, n.3 (W.D. Pa. Apr. 18, 2022)). Here, in rendering her RFC determination, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (Tr. 15). Moreover, the ALJ found that excluding a standing/walking limitation in her RFC determination is supported by Stiner's daily living activities, the medical record, and other evidence of record which corroborated Stiner's testimony at the hearing held before the ALJ. (Tr. 18-19). Lastly, the ALJ clearly considered the medical opinions and prior administrative findings as required under 20 C.F.R. § 404.1520c, and, as explained above, determined that they were non-persuasive as they were neither consistent with nor supported by the factual record. (*Id.*). Although the ALJ did not rely on any medical opinion in reaching her RFC determination with respect to excluding a standing/walking limitation, the Court finds that the ALJ properly weighed Stiner's testimony, medical opinions, and other medical evidence of the record in reaching her RFC determination. Given the foregoing, the Court finds that the ALJ's RFC determination that Stiner is capable of performing light work without any standing/walking limitation is supported by substantial evidence.

## IV.  Conclusion

Based on the foregoing, the Court finds that the Commissioner's decision should be affirmed. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA STINER, | ) | Case No. 3:20-cv-209 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

AND NOW, this 10th day of May, 2022, upon consideration of Plaintiff's Motion for Summary Judgment (ECF No. 13) and Defendant's Motion for Summary Judgment (ECF No. 15), and for the reasons set forth in the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that Plaintiff's motion for summary judgment (ECF No. 13) is **DENIED**. **IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 15) is **GRANTED**.

BY THE COURT:

_____
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**